IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

RICHARD PANICO, SR.,

     **Plaintiff,**

v.                                          Civil Action No. 1:21-CV-96
                                     (Judge Kleeh)

THE CITY OF WESTOVER,
MAYOR DAVE JOHNSON, in his official
and individual capacity,
CITY ATTORNEY TIMOTHY STRANKO, in
his official and individual capacity,
JOHN DOES 1-6, in their individual and
official capacities,

     **Defendants.**

## MEMORANDUM OPINION AND ORDER GRANTING <u>MOTIONS TO DISMISS SECOND AMENDED COMPLAINT [ECF NOS. 21, 23]</u>

Pending before the Court are Motions to Dismiss Plaintiff's Second Amended Complaint [ECF Nos. 21, 23] filed by Defendants City of Westover, Mayor Dave Johnson, and City Attorney Timothy Stranko. For the reasons discussed herein, the Motions are **GRANTED**.

### I.    <u>PROCEDURAL HISTORY</u>

On June 17, 2021, Plaintiff Richard Panico ("Plaintiff"), by counsel, filed a Complaint and Motion for Preliminary Injunction against Defendants City of Westover ("Defendant Westover"), Mayor Dave Johnson ("Defendant Mayor Johnson"), and City Attorney Timothy Stranko ("Defendant Stranko"), alleging counts of

Panico v. Westover, et. al                                    1:21cv96

**MEMORANDUM OPINION AND ORDER GRANTING**
**MOTIONS TO DISMISS SECOND AMENDED COMPLAINT [ECF NOS. 21, 23]**

trespass, conversion, and unlawful taking of property without just compensation. ECF No. 1-1, Complaint. On July 21, 2021, Defendant Westover removed the action from Monongalia County Circuit Court to the Northern District of West Virginia pursuant to federal question jurisdiction. Id., 28 U.S.C. § 1331.

On July 28, 2021, the Court entered a First Order and Notice. ECF No. 3. Between July 28, 2021, and October 8, 2021, Plaintiff filed First and Second Amended Complaints [ECF Nos. 8, 19], Defendants filed Motions to Dismiss [ECF Nos. 4, 9, 11, 21, 23], and the Court entered its Scheduling Order [ECF No. 20].

On October 22, 2021, Defendants Westover and Johnson, by counsel, and Defendant Timothy Stranko, pro se, filed Motions to Dismiss Plaintiff's Second Amended Complaint which is the subject of this Memorandum Opinion and Order. ECF Nos. 21, 23. Plaintiff, represented by counsel, has failed to respond to the motions to dismiss. Plaintiff filed Motion to Withdraw as Attorney [ECF No. 26] on December 8, 2021. The Court ordered Plaintiff's counsel to file Plaintiff's last known mailing address. ECF No. 28. Plaintiff's counsel provided that information to the Court on March 28, 2022. ECF No. 29.

Panico v. Westover, et. al                                    1:21cv96

**MEMORANDUM OPINION AND ORDER GRANTING
MOTIONS TO DISMISS SECOND AMENDED COMPLAINT [ECF NOS. 21, 23]**

## II.  SECOND AMENDED COMPLAINT

Plaintiff's Second Amended Complaint stems from his ownership of certain real property located in Monongalia County, Westover, West Virginia. ECF No. 19, Second Am. Compl., ¶ 1. Specifically, Plaintiff owns 25-30 rental properties at the Morgan Heights subdivision. Id. Plaintiff alleges Defendants Stranko and Johnson routinely use their power to manipulate code enforcement against certain citizens of the City of Westover. Id. Plaintiff also alleges much of these acts did not occur "during a civil action" between the parties. Id. at ¶ 3.

In March 2021, Plaintiff's neighbor listed his abutting property for sale and built a fence that extends into an Easement owned in common by all property owners within the Morgan Heights subdivision. Id. The neighbor was attempting to sell the Easement with his property. Id. When Plaintiff told neighbor he could not sell the Easement with his property, the neighbor called Defendant Mayor Johnson and/or Defendant Attorney Stranko to complain about Plaintiff's statements and asked them to intervene. Id. In response, Defendant Stranko announced to Plaintiff that the Easement at issue – an easement which Plaintiff alleges to have owned an interest in and used without interruption since 1954 –

Panico v. Westover, et. al                                    1:21cv96

**MEMORANDUM OPINION AND ORDER GRANTING
MOTIONS TO DISMISS SECOND AMENDED COMPLAINT [ECF NOS. 21, 23]**

has been deemed by the City of Westover a "public way" pursuant to
West Virginia Code § 17-1-3. Id.

    The Easement at issue was created in 1947. Id. at ¶ 8; ECF
No. 19-2, Exhibit B. The Easement is "for the operation,
maintenance, or replacement of storm and sanitary sewers owned by
the United States," and may only be defeasible under certain
conditions. Id. at ¶ 9; ECF No. 19-1, Exhibit A. Defendant Stranko
believes the easement area is a public way. Id. at ¶ 10. Plaintiff
maintains the City of Westover is not named in the Easement nor
has it been granted a property interest therein, and the Easement
remains perpetual. Id. at ¶¶ 11-13.

    Plaintiff and the neighbor filed respective complaints
against each other through code enforcement, but Plaintiff never
received an official notice in response to either complaint, as
required by code enforcement. Id. at ¶¶ 20-22. Defendant Stranko
stated "the City believes that the well-established and long used
way is not private property. If [Mr. Panico] believes otherwise,
he is obliged to establish his claim at Circuit Court before he
may act to prohibit public use." Id. at ¶ 23; ECF No. 19-4, Exhibit
D.  Defendants removed Plaintiff's "no trespassing" signs, which
he reported to the police. Id. at ¶¶ 24-25. Since this time,

Panico v. Westover, et. al                                    1:21cv96

**MEMORANDUM OPINION AND ORDER GRANTING
MOTIONS TO DISMISS SECOND AMENDED COMPLAINT [ECF NOS. 21, 23]**

Defendants have trespassed, stolen Plaintiff's items, and declared ownership over a shed on Plaintiff's property. Id. at ¶¶ 27-29.

Plaintiff filed suit and asserts the following causes of action in his Second Amended Complaint:

I.   Trespass against Defendants Mayor Johnson and Attorney Stranko, and with actual malice;
II.  Conversion against Defendants Mayor Johnson and Attorney Stranko;
III. Unlawful Taking against Defendants Mayor Johnson and Attorney Stranko under 42 U.S.C. § 1983 and Fifth Amendment Takings Clause;
IV.  Deprivation of life, property, and liberty without due process against Defendants Mayor Johnson and Attorney Stranko under the Fourteenth Amendment to the Constitution and 42 U.S.C. § 1983; and
V.   Monell liability against Defendant City of Westover under 42 U.S.C. § 1983.

Plaintiff seeks compensatory, general, and punitive damages and a trial by jury. Plaintiff also requests pre-judgment and post-judgment interest, and costs and attorneys' fees.

### III. LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a defendant to move for dismissal upon the ground that a Complaint does not "state a claim upon which relief can be granted." In ruling on a motion to dismiss, a court "must accept as true all of

Panico v. Westover, et. al                              1:21cv96

**MEMORANDUM OPINION AND ORDER GRANTING**
**MOTIONS TO DISMISS SECOND AMENDED COMPLAINT [ECF NOS. 21, 23]**

the factual allegations contained in the Complaint." Anderson v. Sara Lee Corp., 508 F.3d 181, 188 (4th Cir. 2007) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

A motion to dismiss under Rule 12(6)(b) tests the "legal sufficiency of a Complaint." Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009). A court should dismiss a Complaint if it does not contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The factual allegations "must be enough to raise a right to relief above a speculative level." Twombly, 550 U.S. at 545. The facts must constitute more than "a formulaic recitation of the elements of a cause of action." Id. at 555. A motion to dismiss "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 942, 952 (4th Cir. 1992).

**MEMORANDUM OPINION AND ORDER GRANTING
MOTIONS TO DISMISS SECOND AMENDED COMPLAINT [ECF NOS. 21, 23]**

Courts have authority to dismiss an action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and failure to comply with court orders. See Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied 493 U.S. 1084 (1990). However, a party's failure to respond to a motion to dismiss "does not relieve the district court of the obligation to examine the complaint itself to see whether it is formally sufficient to state a claim." Pomerleau v. W. Springfield Pub. Schs., 362 F.3d 143, 145 (1st Cir. 2004) (internal quotation marks and citation omitted). When presented with no opposition, however, "a district court is entitled, as authorized, to rule on the . . . motion and dismiss [the] suit on the uncontroverted bases asserted in the motion." Hughes v. Cabell Cnty., West Virginia, No. 3:19-cv-00606, 2020 WL 2202328, *1, *5 (S.D.W. Va. Apr. 14, 2020) (internal citation omitted).

## IV.  DISCUSSION

### a. 42 U.S.C. § 1983 (Counts III, IV and V)

1. **Plaintiff has failed to plead a claim of municipal liability under 42 U.S.C. § 1983 and Monell against Defendant City of Westover, West Virginia; therefore,**

**MEMORANDUM OPINION AND ORDER GRANTING**
**MOTIONS TO DISMISS SECOND AMENDED COMPLAINT [ECF NOS. 21, 23]**

> **Defendants' Motions to Dismiss Count V is granted. Fed.**
> **R. Civ. P. 12(b)(6).**

To prevail in suit against a municipality on a § 1983 claim, a plaintiff must plausibly allege that the state actor defendant (1) deprived plaintiff of a constitutional right and (2) acted under color of state law. Philips v. Pitt County Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). "Local governing bodies . . . can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Monell v. Dep't of Social Servs. of City of New York, 436 U.S. 658, 690 (1978). A municipality is liable under § 1983 if it follows a custom, policy, or practice by which local officials violate a plaintiff's constitutional rights. Id. at 694.

A local government establishes a "policy or custom" in four ways:

> (1) through an express policy, such as a written ordinance or regulation; (2) through the decisions of a person with final policymaking authority; (3) through an omission, such as a failure to properly train officers, that "manifest[s] deliberate indifference to the rights of citizens"; or (4) through a practice that is so "persistent and widespread" as to constitute a "custom or usage with the force of law."

Panico v. Westover, et. al                                   1:21cv96

**MEMORANDUM OPINION AND ORDER GRANTING**
**MOTIONS TO DISMISS SECOND AMENDED COMPLAINT [ECF NOS. 21, 23]**

Lytle v. Doyle, 326 F.3d 463, 471 (4th Cir. 2003) (quoting Carter v. Morris, 164 F.3d 215, 218 (4th Cir. 1999)). Plaintiff contends Defendant Westover is liable under Monell by acquiescing through the decisions of Defendants Mayor Johnson and Attorney Stranko who are "high enough in the [City of Westover] government" such that their "actions can be said to represent a government decision." ECF No. 18, Second Am. Compl., ¶¶ 78-82.

The Supreme Court has held that Monell liability can attach to municipalities when the policy and custom is based upon a single incident. See Pembaur v. City of Cincinnati, 475 U.S. 469 (1986). The Court was presented with the following question: "[w]hether, and in what circumstances, a decision by municipal policymakers on a single occasion may satisfy this requirement," to which it answered:

> [I]t is plain that municipal liability may be imposed for a single decision by municipal policymakers under appropriate circumstances. No one has ever doubted, for instance, that a municipality may be liable under § 1983 for a single decision by its properly constituted legislative body—whether or not that body had taken similar action in the past or intended to do so in the future—because even a single decision by such a body unquestionably constitutes an act of official government policy.

9

Panico v. Westover, et. al                                    1:21cv96

**MEMORANDUM OPINION AND ORDER GRANTING**
**MOTIONS TO DISMISS SECOND AMENDED COMPLAINT [ECF NOS. 21, 23]**

Id. at 471, 480. "The fact that a particular official — even a policymaking official — has discretion in the exercise of particular functions does not, without more, give rise to municipal liability based on an exercise of that discretion." Id. at 481-82 (internal citation omitted).

The Court must determine whether Plaintiff plausibly alleged that Defendant Westover established a policy or custom through the decisions of persons with final policymaking authority.

### i. Final policymaking authority

The threshold matter is whether Plaintiff sufficiently pleaded that Mayor Johnson or Attorney Stranko had "final policymaking authority." "A final policymaker for the purposes of municipal liability is someone who has the responsibility and authority to implement final municipal policy with respect to a particular course of action." Lytle v. Doyle, 326 F.3d 463, 472 (4th Cir. 2003) (quoting Riddick v. School Bd. of City of Portsmouth, 238 F.3d 519, 523 (4th Cir. 2000)). "The question of who possesses final policymaking authority is one of state law." Riddick, 238 F.3d at 523 (internal citation omitted). "In order to determine                      which                     officials possess final policymaking authority for      the       allegedly

Panico v. Westover, et. al                                    1:21cv96

**MEMORANDUM OPINION AND ORDER GRANTING**
**MOTIONS TO DISMISS SECOND AMENDED COMPLAINT [ECF NOS. 21, 23]**

unconstitutional action in question, we must look to the relevant legal materials, including state and local positive law, as well as custom or usage having the force of law." Id. (internal quotation marks omitted), (citing Jett v. Dallas Independent School District, 491 U.S. 701, 737 (1989).

> Helpful in determining whether an official is a final decisionmaker is an inquiry into: (1) whether the official is constrained by policies of other officials or legislative bodies; (2) whether the official's decision on the issue in question is subject to meaningful review; and (3) whether the policy decision purportedly made by the official is within the realm of the official's grant of authority.

Valentino v. Village of South Chicago Heights, 575 F.3d 664, 676 (7th Cir. 2009) (internal quotation marks omitted). In Valentino, the Court found that, upon a review of the record to remand an order granting summary judgment, "Mayor Owen is the de facto policymaker for the Village with regard to personnel decisions in his office" in the area of hiring and firing. Id. at 678. Unlike here, the Valentino Court was presented with numerous exhibits to consider, including the applicable Village ordinances, records obtained pursuant to Freedom of Information Act requests, and letter correspondence between various office employees. Id.

Plaintiff names the City of Westover, West Virginia, in his complaint, and specifically alleges that "the Constitutional

Panico v. Westover, et. al                                    1:21cv96

**MEMORANDUM OPINION AND ORDER GRANTING
MOTIONS TO DISMISS SECOND AMENDED COMPLAINT [ECF NOS. 21, 23]**

violations complained of were decisions made by Defendant City of Westover's Mayor, Defendant Dave Johnson, and/or its attorney, Defendant Timothy Stranko." ECF No. 19, Second Am. Compl., ¶ 78. The Constitutional violations alleged are in Counts III and IV against Defendants Mayor Johnson and Attorney Stranko: violation of the Takings Clause of the Fifth Amendment, and a violation of Plaintiff's substantive due process rights and denial of equal protection under the Fourteenth Amendment to the Constitution. Plaintiff alleges that Defendants Mayor Johnson's and Defendant Stranko's decision-making "can be said to represent a government decision." Id. at ¶¶ 79, 81.

The Court, left with determining whether Plaintiff has sufficiently pleaded final policymaking authority by Defendants Mayor Johnson and Attorney Stranko regarding the alleged unconstitutional taking and equal protection violations, finds that he has not. Notably, there exists no allegation that Defendants Mayor Johnson and Attorney Stranko have "final policymaking authority" in Plaintiff's Second Amended Complaint. Such an allegation is necessary to establish a municipal policy or custom. Pembaur, 475 U.S. at 471. Without it, the Monell claim fails.

Panico v. Westover, et. al                                    1:21cv96

**MEMORANDUM OPINION AND ORDER GRANTING**
**MOTIONS TO DISMISS SECOND AMENDED COMPLAINT [ECF NOS. 21, 23]**

In his Second Amended Complaint, Plaintiff points to the alleged unconstitutional taking and equal protection violations in support of attaching Monell liability to Defendant Westover but fails to allege the final policymaking authority necessary to establish such a municipal policy or custom. ECF No. 19, Second Am. Compl., ¶¶ 65-75. Indeed, Plaintiff failed to point out Defendant Mayor Johnson or Attorney Stranko as the "final policymaking authority" and instead stopped short at "high enough." Id. at ¶¶ 79, 81.

In Counts III and IV, the claims that purportedly support Plaintiff's Monell claim, Plaintiff alleges "Defendants have taken private property without just compensation, or even initiating any proceedings whatsoever, to properly obtain the Easement or establish it as a 'public road'"; "the City has taken the position that Mr. Panico does not own the Easement, but that it is a public way, and invited Mr. Panico to file a lawsuit if he feels otherwise"; Defendant Johnson and/or Defendant Stranko knowingly, intentionally, maliciously, and with a callous disregard for Mr. Panico's rights, deprived him of due process of the law and denied him equal protection of the law"; and that these "acts . . . were 'motivated by evil motive or intent.'" Id. at ¶¶ 65-75.

13

Panico v. Westover, et. al                                    1:21cv96

**MEMORANDUM OPINION AND ORDER GRANTING**
**MOTIONS TO DISMISS SECOND AMENDED COMPLAINT [ECF NOS. 21, 23]**

Critically, "[a] municipality is not subject to section 1983 liability simply because a claimant is able to identify conduct attributable to the municipality. Rather, the plaintiff must also demonstrate that, through its deliberate conduct, the municipality was the moving force behind the injury alleged." Riddick v. School Bd. of City of Portsmouth, 238 F.3d 519, 523 (4th Cir. 2000) (internal quotation marks and citation omitted). As Defendants point out, there are no specific assertions regarding Defendants Mayor Johnson's or Attorney Stranko's actions, only conclusory allegations. ECF No. 24 at 9. The Court is unable to find any custom or policy in Plaintiff's Second Amended Complaint. Simply stating that Defendants Mayor Johnson and Attorney Stranko are "high enough in the [City of Westover] government so that [their] [ . . . ] actions can be said to represent a government decision" does not impute liability to Defendant Westover under Monell. ECF No. 19, Second Am. Compl., ¶ 79.

The allegations fall far short of misconduct constituting a "custom or usage with the force of law," and without more, fail to "give rise to municipal liability based on a[] [one-time] exercise of that discretion." Pembaur, 475 U.S. 481-82. Defendants' Motions to Dismiss as to Count V are **GRANTED**. [ECF Nos. 21, 23].

14

Panico v. Westover, et. al                                    1:21cv96

**MEMORANDUM OPINION AND ORDER GRANTING**
**MOTIONS TO DISMISS SECOND AMENDED COMPLAINT [ECF NOS. 21, 23]**

> 2. **Violations of the Fifth and Fourteenth Amendments to the United States Constitution by Defendants Mayor Johnson and Attorney Stranko in their official and individual capacities as alleged in Counts III and IV, respectively, are insufficiently pleaded to survive Defendants' Motions to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.**

Under 42 U.S.C. § 1983, Plaintiff alleges a violation of the Takings Clause of the Fifth Amendment to the Constitution, and a violation of his substantive due process rights and equal protection under the Fourteenth Amendment to the Constitution. See ECF No. 19, Second Am. Compl. Plaintiff seeks monetary damages due to these alleged injuries committed by Defendants Mayor Johnson and Attorney Stranko. Id.

> Proper application of [§ 1983 suits] against public officials requires careful adherence to the distinction between personal- and official-capacity action suits. Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law. Official-capacity suits, in contrast, generally represent only another way of pleading an action against an entity of which an officer is an agent. As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. It is *not* a suit against the official personally, for the real party in interest is the entity. Thus, while an award of damages against an official in his personal capacity can be executed only against the official's personal assets, a plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself.

Panico v. Westover, et. al                                    1:21cv96

**MEMORANDUM OPINION AND ORDER GRANTING**
**MOTIONS TO DISMISS SECOND AMENDED COMPLAINT [ECF NOS. 21, 23]**

Kentucky v. Graham, 473 U.S. 159, 165-66 (1985) (internal quotation

marks and citations omitted).

### i. Official capacity

Because an official-capacity suit is "essentially a claim

against the [entity]," official-capacity claims "should be

dismissed as duplicative" when the entity is also named as a

defendant. Love-Lane v. Martin, 355 F.3d 766, 783 (4th Cir. 2004)

(citing Kentucky v. Graham, 473 U.S. 159, 165-66 (1985)). Plaintiff

has brought the same claims against Defendants Mayor Johnson and

Attorney Stranko in their official capacities as he asserted

against Defendant Westover. Accordingly, this court finds that

these claims are duplicative and hereby **DISMISSES** all official-

capacity claims against Defendants Mayor Johnson and Attorney

Stranko.

### ii. Individual capacity

"[T]o establish personal liability in a § 1983 action, it is

enough to show that the official, acting under color of state law,

caused the deprivation of a federal right." Kentucky v. Graham,

473 U.S. 159, 166 (1985) (internal citation omitted). Here, the

alleged deprivation of Plaintiff's federal rights is three-fold:

Defendants Mayor Johnson and Attorney Stranko (1) took Plaintiff's

Panico v. Westover, et. al                                    1:21cv96

**MEMORANDUM OPINION AND ORDER GRANTING**
**MOTIONS TO DISMISS SECOND AMENDED COMPLAINT [ECF NOS. 21, 23]**

property for public use, without just compensation; (2) denied Plaintiff of life, property, or liberty without due process of the law; and (3) denied Plaintiff equal protection of the law. ECF No. 19, Second Am. Compl. ¶¶ 65-75. The Court will address each of Plaintiff's claims under § 1983 in turn.

## A. Fifth Amendment Taking

The Takings Clause of the Fifth Amendment to the Constitution precludes the government from taking private property "for public use, without just compensation," U.S. Const. amend. V, and has been incorporated to apply to the States through the Fourteenth Amendment. Chicago, B. & Q.R. Co. v. Chicago, 166 U.S. 226 (1897).

> If a local government takes private property without paying for it, that government has violated the Fifth Amendment . . . without regard to subsequent state court proceedings. And the property owner may sue the government at that time in federal court for the "deprivation" of a right "secured by the Constitution."

Knick v. Township of Scott, Pennsylvania, --- U.S. ---, 139 S.Ct. 2162, 2170 (2019) (citing 42 U.S.C. § 1983). It is the "act of taking" that triggers the event for suit under the Fifth Amendment. Id. (citing United States v. Dow, 357 U.S. 17, 22 (1958)). To prevail in an unlawful taking suit, a Plaintiff must show: (1) a property interest in the property at issue, and (2) that "the government physically . . . infringed on that interest for public

17

**MEMORANDUM OPINION AND ORDER GRANTING**
**MOTIONS TO DISMISS SECOND AMENDED COMPLAINT [ECF NOS. 21, 23]**

use." Patty v. United States, 136 Fed. Cl. 211, 214 (Fed Cl. 2018).  The Supreme Court has "recognized that the government can commit a physical taking either by appropriating property through a condemnation proceeding or by simply 'enter[ing] into physical possession of property without authority of a court order.'" Cedar Point Nursery v. Hassid, --- U.S. --- 141 S.Ct. 2063, 2076 (2021) (quoting Dow, 357 U.S. at 21).

An appropriation of an easement constitutes a taking. Kaiser Aetna v. United States, 444 U.S. 164 (1979). In Kaiser Aetna, a real-estate developer converted a fishpond into a marina, and connected it to a nearby bay and the ocean by erecting retaining walls and bridges. Id. at 167-68. The District Court held that the developer could not exclude the public from the marina because the pond had become "navigable water of the United States." Id. at 168. When determining the issue, the Supreme Court reasoned, and ultimately held:

> [b]ut what petitioners now have is a body of water that was private property under Hawaiian law, linked to navigable water by a channel dredged by them with the consent of the Government. . . . In this case, we hold that the "right to exclude," so universally held to be a fundamental element of the property right, falls within this category of interests that the Government cannot take without compensation. . . And even if the Government physically invades only an easement in property, it must nonetheless pay just compensation.

18

MEMORANDUM OPINION AND ORDER GRANTING
MOTIONS TO DISMISS SECOND AMENDED COMPLAINT [ECF NOS. 21, 23]

Id. at 179-80. "[A] physical appropriation is a taking whether it is permanent or temporary." Cedar Point Nursery v. Hassid, --- U.S. --- 141 S.Ct. 2063, 2074 (2021).

> "[T]he government does not take a property interest when it merely asserts a 'pre-existing limitation upon the land owner's title.' Lucas v. South Carolina Coastal Council, 505 U.S. at 1028–1029 (1992). For example, the government owes a landowner no compensation for requiring him to abate a nuisance on his property, because he never had a right to engage in the nuisance in the first place. Id. at 1029-30.

Cedar Point Nursery v. Hassid, --- U.S. --- 141 S.Ct. 2063, 2079 (2021).

While Plaintiff attached exhibits to his Second Amended Complaint purporting to show his property interest in the Easement at issue, he has failed to plausibly allege that Defendants Mayor Johnson and Attorney Stranko took the property without just compensation in violation of the Fifth Amendment. ECF Nos. 19-2, 19-3, Exhibits B and C. The deed attached to Plaintiff's Second Amended Complaint includes descriptions for two parcels with language designating "a perpetual easement acquired by the United States for the purpose of locating and maintaining [a] sewer . . . through a certain strip of land running from the boundary of said subdivision to the Monongahela River, in Monongalia County,

**MEMORANDUM OPINION AND ORDER GRANTING
MOTIONS TO DISMISS SECOND AMENDED COMPLAINT [ECF NOS. 21, 23]**

West Virginia. . . ." ECF No. 19-3, Exhibit C. On its face, the deed appears to offer an easement in the property at issue to the United States. This fact directly contravenes Plaintiff's Fifth Amendment Taking claim.

Additionally, Plaintiff relies on emails purportedly sent by Defendant Stranko communicating to Plaintiff's counsel the City's position on the ownership of the Easement, and that it is a "public way." ECF No. 19-4, Exhibit D. This communication by Defendant Stranko does not amount to a taking without just compensation by Defendants. Plaintiff relies on conclusory allegations to support his unconstitutional taking claim against Defendants Mayor Johnson and Attorney Stranko: "Defendant Johnson . . . [has] appropriated the Easement" Second Am. Compl., ¶ 59; "Defendant Johnson . . . [has] intentionally and knowingly entered the Easement on numerous occasions, interfering with Mr. Panico's interest in the possession and full use and enjoyment of his property rights" Id. at ¶ 49; Defendants Johnson and Stranko "trespassed on the Easement and stole Mr. Panico's fencing and 'No Trespassing' signs" Id. at ¶ 24; Defendants Johnson and Stranko "suddenly decided that a portion of another property owned by Mr. Panico also belongs to the City" Id. at ¶ 27; and if "[Mr. Panico] . . . is obliged to

Panico v. Westover, et. al                                    1:21cv96

**MEMORANDUM OPINION AND ORDER GRANTING
MOTIONS TO DISMISS SECOND AMENDED COMPLAINT [ECF NOS. 21, 23]**

establish his claim at Circuit Court before he may act to prohibit public use" Id. at ¶ 23.

However, no facts were asserted that Defendant Mayor Johnson spoke to Plaintiff, visited the property, or made any decisions regarding the property. Plaintiff likewise maintains an unconstitutional taking against Attorney Stranko but, in addition to the allegations against Mayor Johnson, alleges email correspondence between Plaintiff's counsel and Attorney Stranko that "the City believes that the well-established and long used way is not private property." Id. at ¶ 23. Plaintiff's claim of a Fifth Amendment Taking must be dismissed under Rule 12(b)(b)(6) of the Federal Rules of Civil Procedure as to Defendants Mayor Johnson and Attorney Stranko because Plaintiff failed to show a taking occurred.

### B. Substantive Due Process

"No State shall . . . deprive any person of life, liberty, or property, without due process of law," U.S. Const., amend. XIV, § 1. United States citizens are to be free from "arbitrary action of government." Cnty. of Sacramento v. Lewis, 523 U.S. 833, 845 (1998) (internal quotation marks omitted). "[T]he substantive component of the Due Process Clause is violated by executive action only when it can properly be characterized as arbitrary, or conscience

21

**MEMORANDUM OPINION AND ORDER GRANTING
MOTIONS TO DISMISS SECOND AMENDED COMPLAINT [ECF NOS. 21, 23]**

shocking, in a constitutional sense." Id. at 847 (internal quotations and citations omitted). "[T]he Due Process Clause [is] intended to prevent government officials from abusing [their] power, or employing it as an instrument of oppression." Id. at 847 (internal quotations and citations omitted). A plaintiff's substantive due process rights are not violated "whenever someone cloaked with state authority causes harm." Id. at 848. Instead, the act must be "so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." Hawkins v. Freeman, 195 F.3d 732, 738 (4th Cir. 1999).

Plaintiff alleges Defendants Mayor Johnson and Attorney Stranko deprived him of his property without due process of law. However, because this Court has already found that these Defendants did not commit an unconstitutional taking of the Easement, Plaintiff's due process claim must fail. There is nothing in the Second Amended Complaint purporting to show any act by Defendants Mayor Johnson or Attorney Stranko that was "so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience" with regard to the Easement. Defendants' motions on this ground are **GRANTED**. ECF Nos. 21, 23.

Panico v. Westover, et. al                                    1:21cv96

**MEMORANDUM OPINION AND ORDER GRANTING**
**MOTIONS TO DISMISS SECOND AMENDED COMPLAINT [ECF NOS. 21, 23]**

### C. Equal Protection

The Fourteenth Amendment to the Constitution also provides United States citizens the right to be treated equally under the law. "No State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. The Equal Protection Clause "requires that the states apply each law, within its scope, equally to persons similarly situated, and that any differences of application must be justified by the law's purpose." Sylvia Dev. Corp. v. Calvert Cnty., 48 F.3d 810, 818 (4th Cir. 1995). An equal protection violation occurs when (1) the government explicitly classifies people based on race, or (2) a law is facially neutral, but its application disproportionately affects one selection of persons over another, and a discriminatory intent is shown. Id.

Here, no allegation based on race has been made. "[W]hen no fundamental right or suspect classification is at issue," the level of scrutiny a Court is to apply is whether the alleged treatment is "rationally related to a legitimate state interest." Siena Corp. v. Mayor & City Council of Rockville, 873 F.3d 456, 465 (4th Cir. 2017) (internal quotations and citations omitted).

Plaintiff has failed to show anyone in his same or similar situation be treated differently under the law, or that any such

23

Panico v. Westover, et. al                                    1:21cv96

**MEMORANDUM OPINION AND ORDER GRANTING**
**MOTIONS TO DISMISS SECOND AMENDED COMPLAINT [ECF NOS. 21, 23]**

alleged treatment is "rationally related to a legitimate state interest." Rather, he has shown another player described in the complaint, Plaintiff's neighbor, be treated similarly: "Mr. Panico's neighbor's '[code enforcement] complaint' was not addressed within 24 hours, and in fact was not acted on at all until after his son's telling deposition. Likewise, Mr. Panico never received 'an official notice . . . with the allotted time to correct the issue' nor did he receive any citation or court date for the same. Mr. Panico's complaint regarding *his* neighbor's fence was never acted on in any way by the Defendants." ECF No. 19, Second Am. Compl., ¶¶ 20-22. Plaintiff has failed to allege any facts that purport to show Defendants Mayor Johnson or Attorney Stranko are targeting him.

Plaintiff has failed to allege facts showing that these Defendants personally acted to deprive Plaintiff of any constitutional rights. Therefore, Plaintiff's § 1983 claim in Counts III and IV against Defendants Mayor Johnson and Attorney Stranko in their individual capacities fails and must be dismissed. Defendants' Motions to Dismiss are **GRANTED** on this ground. ECF Nos. 21, 23.

24

Panico v. Westover, et. al                                    1:21cv96

**MEMORANDUM OPINION AND ORDER GRANTING**
**MOTIONS TO DISMISS SECOND AMENDED COMPLAINT [ECF NOS. 21, 23]**

**b. Trespass and Conversion (Counts I and II).**

Plaintiff alleges Defendants Mayor Johnson and Attorney Stranko, individually, intentionally and knowingly, and with malicious purpose, (1) entered the Easement and (2) exerted dominion over the Easement. ECF No. 19, Second Am. Compl. ¶¶ 48-64. Defendant Mayor Johnson argues a heightened pleading standard applies to Plaintiff's trespass and conversion claims under West Virginia's Governmental Tort Claims and Insurance Report Act ("Tort Claims Act"), and Plaintiff's Second Amended Complaint fails to sufficiently allege these causes of action to survive a Rule 12(b)(6) motion to dismiss. W. Va. Code § 29-12A-1 et seq. Defendant Attorney Stranko likewise argues he is immune from suit under the Tort Claims Act.

The allegations in Counts One and Two involving Defendants Mayor Johnson and Attorney Stranko are intentional tort claims. These intentional tort claims as asserted against Defendants in their official capacities should be dismissed because the law does not allow political subdivisions to be held liable for "intentional malfeasance" on the part of their employees. Poe v. Town of Gilbert, 2012 WL 3853200, No. 2:11cv645, *1, *8 (S.D.W.

25

**MEMORANDUM OPINION AND ORDER GRANTING
MOTIONS TO DISMISS SECOND AMENDED COMPLAINT [ECF NOS. 21, 23]**

Va. 2012) (citing Mallamo v. Town of Rivesville, 477 S.E.2d 525, 533-34 (W. Va. 1996)).

Controlling substantive law on common law torts of trespass and conversion originates from West Virginia. See Erie R. Co. v. Tompkins, 304 U.S. 64, 78 (1938). "Trespass is defined . . . as . . . "an entry on another man's ground without lawful authority, and doing some damage, however inconsiderable, to his real property." Hark v. Mountain Fork Lumber Co., 34 S.E.2d 348, 352 (W. Va. 1945) (internal quotation marks and citation omitted).

"The tortious or unlawful taking of personal property, and the exercise of ownership and dominion over it, against the consent of the owner is, in law, a conversion of the property[.]" Mountaineer Fire & Rescue Equip., LLC v. City Nat'l Bank of West Virginia, 854 S.E.2d 870, 886 (W. Va. 2020) (quoting Syl. pt. 1, Arnold v. Kelly, 4 W. Va. 642 (1871)). "Any distinct act of dominion wrongfully exerted over the property of another, and in denial of his rights, or inconsistent therewith, may be treated as a conversion and it is not necessary that the wrongdoer apply the property to his own use." Rodgers v. Rodgers, 399 S.E.2d 664, 668 (W. Va. 1990) (quotations and citation omitted). Of note, "bad motive or evil motive" is irrelevant and an unnecessary element of

**MEMORANDUM OPINION AND ORDER GRANTING
MOTIONS TO DISMISS SECOND AMENDED COMPLAINT [ECF NOS. 21, 23]**

proof.  Id. at 677.  Instead, the focus is the exercise of control over the property of another without legal right to do so.  See id.; see also Pine & Cypress Mfg. Co. v. Am. Eng'g & Const. Co., 125 S.E. 375 (W. Va. 1924) ("And when such conversion is proved the plaintiff is entitled to recover irrespective of good or bad faith, care or negligence, knowledge or ignorance."). Of course, "[c]ritical to any claim for conversion, however, is 'title or right of possession.'"  Gaddy Engineering Co. v. Bowles, Rice, McDavid, Graff & Love, LLP, 746 S.E.2d 568, 587 (W. Va. 2013) (citation omitted).

Defendants seek refuge under West Virginia's Governmental Tort Claims and Insurance Reform Act as to Counts I and II. The Tort Claims Act is relevant to Defendants Mayor Johnson's and Attorney Stranko's liability:

> An employee of a political subdivision is immune from liability unless one of the following applies: (1) His or her acts or omissions were manifestly outside the scope of employment or official responsibilities; (2) His or her acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner; or (3) Liability is expressly imposed upon the employee by a provision of this code.

W. Va. Code § 29-12A-5(b).

Plaintiff asserts the claim pursuant to § 29-12A-5(b)(2), that Defendants Mayor Johnson and Attorney Stranko acted with

Panico v. Westover, et. al                                    1:21cv96

**MEMORANDUM OPINION AND ORDER GRANTING**
**MOTIONS TO DISMISS SECOND AMENDED COMPLAINT [ECF NOS. 21, 23]**

malicious purpose. ¶ 52, 63. Plaintiff failed to offer evidence that Defendants Mayor Johnson and Attorney Stranko acted maliciously. These Defendants are immune from liability under the Tort Claims Act. Plaintiff alleges Defendants trespassed onto Plaintiff's property by accessing the Easement and stole items belonging to Plaintiff. ECF No. 19, Second Am. Compl., ¶¶ 27, 48-64. "The Chief of Police call[ed] Mr. Panico and ask[ed] where he should return the items that the City/John Doe Defendants had stolen." ¶ 26. Nothing in Plaintiff's Second Amended Complaint rise above conclusory allegations regarding the trespass and conversion claims. Likewise, Plaintiff falls short of alleging any acts or omission by the defendants that were conducted with malicious purpose, in bad faith, or in a wanton or reckless manner. Therefore, Defendants Mayor Johnson and Attorney Stranko are entitled to immunity under W. Va. Code § 29-12A-5(b), and Plaintiff's trespass and conversion claims fail. Defendants' Motions to Dismiss are **GRANTED** on this ground. ECF Nos. 21, 23.

## V.   CONCLUSION

For the reasons discussed herein, Defendants' Motions to Dismiss Second Amended Complaint are **GRANTED**. ECF Nos. 21, 23.

Panico v. Westover, et. al                                    1:21cv96

**MEMORANDUM OPINION AND ORDER GRANTING**
**MOTIONS TO DISMISS SECOND AMENDED COMPLAINT [ECF NOS. 21, 23]**

Defendants' Motions to Dismiss the initial and First Amended Complaints are **GRANTED as moot**. ECF Nos. 4, 9, 11. Defendants City of Westover, Mayor Dave Johnson, and City Attorney Timothy Stranko are **DISMISSED** from the action. This action is **DISMISSED WITH PREJUDICE** and **STRICKEN** from the Court's active docket.

For good cause, Plaintiff's Motion to Withdraw [ECF No. 26] is **GRANTED**. LR Gen P 83.03. The Clerk is **DIRECTED** to terminate Beth L. Lebow and Ryan J. Umina and the law firm of Umina Legal, PLLC, as counsel of record.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Memorandum Opinion and Order to pro se parties by certified mail, return receipt requested, and counsel of record by the CM/ECF system.

**DATED:**  March 31, 2022

THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA